```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

E. LIGGON-REDDING,

        Plaintiff,      Civil Action
No. 06-3127 (JBS)

  v.

CONGRESS TITLE, et al.,      **MEMORANDUM OPINION**

        Defendants.

     This matter comes before the Court on the motion of Defendant, Congress Title, to dismiss the Complaint pursuant to Rules 12(b)(1) (lack of subject matter jurisdiction), (12)(b)(5) (insufficiency of service of process) and 12(b)(6) (failure to state a claim), Fed. R. Civ. P. Because the Court finds that it lacks subject matter jurisdiction, the Court shall dismiss the case in its entirety.[1]

     The Court makes the following findings:

     1.  On July 12, 2006 Plaintiff filed this <u>pro se</u> action against Congress Title, Fidelity National Insurance Company ("Fidelity") and Key Properties GMAC Realty ("GMAC") (collectively "Defendants"), alleging that Defendants are liable to her for fraud in the sale of her New Jersey realty.

     2.  The civil cover sheet to Plaintiff's Complaint indicates that all parties are residents of New Jersey, that the

---

[1] The Court shall not decide the other motions pending on the docket because it lacks subject matter jurisdiction.

basis for Plaintiff's complaint is the tort of fraud, and that, nevertheless, this Court has federal question jurisdiction.

3.   In her Complaint, Plaintiff alleges that the Court has jurisdiction over this action because the fraud occurred in New Jersey.  Plaintiff's Complaint alleges no federal grounds for relief.

4.   In her opposition to the motion to dismiss, Plaintiff claims the Court has subject matter jurisdiction pursuant to 18 U.S.C. §§ 871 et seq., 1951 and 1961.  These federal criminal statutes do not contain private rights of action that would entitle Plaintiff to sue Defendants.[2]

5.   Defendants allege that they are citizens of New Jersey (Def. Br. at 15) and Plaintiff does not oppose that aspect of the motion to dismiss.

6.   Thus, pursuant to 28 U.S. C. § 1332, the Court does not have jurisdiction; Plaintiff and defendants both allege that all parties are citizens of New Jersey.

---

[2]   The Court notes, additionally, that Plaintiff has not moved to amend her complaint to add these claims.  Thus, although 18 U.S.C. § 1962, the civil RICO statute, contains a private right of action, even a liberal construction of the Complaint would not permit the Court to find that Plaintiff has alleged a civil RICO claim.  Furthermore, Plaintiff's opposition clearly indicates that she intends to assert only criminal violations, noting that events occurring since she instituted this action have "turned a Civil Case Criminal." (Pl.'s Opp. at 1.)

7.    Pursuant to Fed. R. Civ. P. 12(h)(3), the Court shall dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

**February 1, 2007**            **s/ Jerome B. Simandle**
Date                             Jerome B. Simandle
                                 United States District Judge